TATE, Justice
(concurring).
I concur in the majority opinion, except in that portion which notes as possibly “persuasive” the state’s position relative to a Witherspoon violation. See footnote 6.
The state contends that, since the jury is no longer concerned with whether a death penalty is exacted, the defendant cannot complain of the exclusion from service of jurors with ambivalent but not fixed opinions against capital punishment. To the contrary, it seems to me, that neither the state nor the defense can, on their attitude toward the death penalty, question or exclude jurors, if we accept the state’s argument that the jury has nothing whatsoever to do with the imposition of the death penalty.
The state’s suggestion seems to me to be unrealistic and untenable that the jury’s only concern is to select from the responsive verdicts, without regard that one of them means that the accused will be executed.
The artificial and unrealistic basis of this argument is shown by the care the state used to exclude from service on this jury those veniremen with doubts or conscientious scruples against imposition of the death penalty. If indeed the veniremen have no concern with the penalty their verdict will cause the accused, then the state should be indifferent to the private attitude of veniremen against the death penalty.
Logically also, it follows, questioning of veniremen on the subject by either the state or the accused is irrelevant. Likewise, the excusal for cause of a juror because of his views against capital punishment would be reversible error, as depriving an accused of the services of a cross-section of the population on the jury without legal cause.
I do not believe the state will accept these logical consequences of its argument that a Witherspoon violation is immaterial because of the jury’s alleged lack of function with regard to imposition of a penalty. *155 Fundamentally, I believe the jury is actually and by law charged with a great responsibility as to the range of penalty imposed by its verdict of guilty on one of the responsive verdicts. When one verdict of the jury means death for the accused and another means life, we reason from formula and abstraction and not from human reality and responsibility if we say that the jury is not concerned with the penalty to be imposed as a result of the verdict it agrees on.